UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ERIC JASON BELL,

        Plaintiff,

    -against-

UNITED STATES OF AMERICA,

        Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5379 (KAM)

**MATSUMOTO, United States District Judge**:

On September 23, 2013, plaintiff filed this *pro se* action alleging that officers of the 88th Precinct of the New York City Police Department ("NYPD") used excessive force when they arrested him. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claim against the United States is dismissed. Plaintiff is afforded thirty days to file an amended complaint as set forth below.

**Background**

Plaintiff's allegations are minimal. He utilized the court's sample complaint form to commence this action and provided very little information except his address and the monetary remedy he seeks. His basis for invoking this court's jurisdiction is that certain "officers [are] breaking [the] law." His statement of claim is in its entirety:

> 2013 88th Police Department sev[e]ral officers punch and kick me in my head my back my arms all over my legs and I never got [indecipherable]. Th[e]y also put handcuffs on me and put a []night stick thru the cuffs lifting me off my feet to put me in a cop car.

Complaint at III.

1

**Standard of Review**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation omitted).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders

2

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**Discussion**

In order to maintain a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

A. Claim Against the United States Dismissed

Plaintiff names the United States as the sole defendant to this action, but he makes no allegations against the United States. Thus, he has failed to state a claim against the United States, and the complaint against the United States is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

B. 42 U.S.C. § 1983 Claim Against the 88th Precinct Dismissed

Even if plaintiff had named the 88th Precinct of the NYPD as a defendant, plaintiff cannot proceed against the 88th Precinct. A precinct, "as a division of the New York City Police Department, is an organizational subdivision of the City of New York. As such, it lacks independent legal existence and is not a suable entity." *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing *Dove v. Fordham Univ*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)). Therefore, plaintiff's claims against the Precinct are dismissed.

C. Lack of Factual Allegations in the Complaint

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a

3

short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (noting that Rule 8 "set[s] forth a pleading standard under which a plaintiff is required . . . to give a defendant fair notice of what the claim is and the grounds upon which it rests"). Here, the complaint does not comply with Rule 8. However, plaintiff is afforded thirty days to file an amended complaint against a proper party and provide more factual detail regarding the basis for his claims.

D. Leave to Amend

As currently stated, the complaint does not state a claim on which relief may be granted and is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). However, in light of plaintiff's *pro se* status, and in an abundance of caution, plaintiff is granted thirty days to amend his complaint in order to state a claim in a "short and plain" manner. Fed. R. Civ. P. 8(a)(1).

In order to proceed with this action, plaintiff must identify the police officers involved in his arrest and the alleged constitutional violation. If plaintiff cannot identify a defendant by name, he should identify each individual as "John or Jane Doe #1," *et cetera*, and provide a physical description and any other identifying information such as the precinct or facility with which she or he works and the date of his arrest or the acts giving rise to this federal law suit. While pleading these facts, plaintiff should specify what each individual defendant did or failed to do that give rise to his claims. Plaintiff is reminded that it is important to link the defendants

named in the caption to the events described in the body of the amended complaint.

**Conclusion**

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, however, to the extent that plaintiff may be able to state a claim, plaintiff is granted thirty days from this Order, or until November 4, 2013, to replead his complaint. Should plaintiff decide to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. All further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on defendant and to note service on the docket.

SO ORDERED.

/S/ Judge Kiyo A. Matsumoto
Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
October 4, 2013